SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
GMAC MORTGAGE, LLC
3451 Hammond Avenue,
Waterloo, IA 50704

                                          Plaintiff,       ***VERIFIED ANSWER and***
                                                                       ***COUNTERCLAIMS***

                   -against-                                Index No.: 07-5751

ANNE MARYSE DELPHONSE A/K/A ANN M.
DELPHONSE, GMAC MORTGAGE, LLC, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR SECURITY HOMES MORTGAGE,
LTD., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, PEOPLE OF THE STATE
OF NEW YORK, John Doe (Said name being fictitious, it
being the intention of plaintiff to designate any and all
occupants of premises being foreclosed herein and any
parties, corporations or entities, if any, having or claiming
an interest or lien upon the mortgage premises.)

                                                                     Defendants.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

        Defendant ANNE MARYSE DELPHONSE A/K/A ANN M. DELPHONSE, (hereinafter "DELPHONSE") by her attorneys STEWART LAW FIRM, LLP, answering the Summons and Complaint herein respectfully alleges that:

1.    Defendant DELPHONSE lacks the knowledge or information sufficient to form a belief as to the truth of the portions of the allegations contained in paragraphs "FIRST", "SEVENTH", "NINTH", "TENTH" and "THIRTEENTH" and to the extent that a response is required, denies them.

2.    Defendant, DELPHONSE denies in part the allegations contained in paragraph "ELEVEN" to the extent it asserts that the mortgage is in compliance with Banking Law

    Section 595-a and 6-1.

3. Paragraphs "FIFTH", "SIXTH", "TWELFTH" and the Wherefore clause set forth legal conclusions to which responsive pleadings are not required. To the extent responsive pleadings are required, Defendant DELPHONSE denies each and every allegation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "3."

5. That the Court lacks personal jurisdiction over Defendant, DELPHONSE.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "5."

7. The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "7."

9. Plaintiff as assignee of the mortgage from Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., is the holder of a fraudulent and illegal mortgage loan.

10. Plaintiff as assignee of said illegal mortgage loan are in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.;Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq.; Fair Housing Act, 45 U.S.C §§ 3601 et seq.; and other federal laws and correlating state laws.

11. Plaintiff's purported loss is due to its own conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "11."

13. The complaint, in whole or in part, is barred by virtue of Plaintiff's breach of contract, the covenant of good faith, and fair dealing and Plaintiff's predication of the transaction with Defendant DELPHONSE.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "13."

15. The complaint, is barred in whole or in part by estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "15."

17. The agreement Plaintiff cited is not a complete integration of the parties' agreement.

### AS AND FOR A FIRST COUNTERCLAIM

18. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "17."

19. As assignee of the mortgage, plaintiff derived the same interest benefits and liability as the assignor Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD.

20. Consequently, plaintiff is liable for defendant, DELPHONSE's economic and non economic injuries due to the violation of said federal laws.

## AS AND FOR A SECOND COUNTERCLAIM

21. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through 20."

22. As assignee of the mortgage plaintiff derived the same interest benefits and liability as the assignor Defendant GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD.

23. Plaintiff is liable to defendant DELPHONSE's economic and non economic injuries as well as reputation injury due to violation of state laws.

## AS AND FOR A FIRST CROSS CLAIM
## AGAINST DEFENDANT GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD.

24. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "23."

25. Upon information and belief Defendant GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., is a banking corporation doing business in the State of New York, County of Queens.

26. Upon information and belief Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., acted in concert with others, including Security Home Mortgage Ltd., Supreme Homes, Amona Realty, Colbico LLC and Ram Charron to exert undue influence over Defendant DELPHONSE in entering into the instant mortgage.

27 Upon information and belief, Defendant DELPHONSE did not receive a good faith

estimate or truth in lending from Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., or any of its agent prior to the closing of the loan.

28. In fact, the documents used to support the loan were signed in blank upon the requests of the real estate broker.

29. Defendant DELPHONSE was pressured into the mortgage transaction without the assistance of her husband who was outside the state.

30. In fact, Defendant DELPHONSE was not allowed to use an attorney of her choosing, and was given an attorney.

31. Upon information and belief Defendant DELPHONSE was not told the interest rate of the mortgage prior to closing despite repeated requests.

32. Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., engaged in predatory lending and redling.

33. By its conduct defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.;Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq.; Fair Housing Act, 45 U.S.C §§ 3601 et seq.; and other federal laws.

### AS AND FOR A SECOND CROSS CLAIM
### AGAINST DEFENDANT GMAC MORTGAGE, LLC,
### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
### AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD.

34. Defendant, DELPHONSE repeats and reiterate as in paragraphs "1" through "33."

35. Defendant, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SECURITY HOMES MORTGAGE, LTD., is liable to Defendant DELPHONSE for economic and non economic injuries as well as reputation injury due to violation of state laws prohibiting predatory lending.

**WHEREFORE**, defendant ANNE MARYSE DELPHONE A/K/A ANN M. DELPHONSE, respectfully requests judgment against plaintiff (1) dismissing the Complaint (2) granting the Counter Claims (3) granting the cross claims (4) for all costs and expenses in defending this action and (5) for such other and further relief as may be deemed just, proper and equitable.

Dated: Rosedale, New York
June 1, 2007

STEWART LAW FIRM, LLP

/s/ *Nadira S. Stewart, Esq.*
By: Nadira S. Stewart, (NS-0416)
Attorneys for Defendant DELPHONSE
133-40 Hook Creek Blvd.
Rosedale, New York 11422
(718)527-9862