UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GMAC MORTGAGE, LLC
3451 Hammond Avenue,
Waterloo, IA 50704,

                                     Plaintiff,                  MEMORANDUM and ORDER

                 -against-                           07-CV-2238 (SLT) (SMG)

ANNE MARYSE DELPHONSE A/K/A ANN M.
DELPHONSE, GMAC MORTGAGE, LLC, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR SECURITY HOMES MORTGAGE, LTD.,
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT ADJUDICATION
BUREAU, PEOPLE OF THE STATE OF NEW YORK,
JOHN DOE (Said name being fictitious it being the intention
of Plaintiff to designate any and all occupants of premises
being foreclosed herein, and any parties, corporations or
entities, if any having or claiming an interest or lien upon the
mortgaged premises,

                                    Defendants.
------------------------------------------------------------------------x
TOWNES, United States District Judge:

      Defendant Anne Maryse Delphonse ("Delphonse"), through counsel, removed this action to federal court on June 1, 2007.[1] By motion filed on June 29, 2007, plaintiff GMAC Mortgage, LLC ("GMAC") moves to remand the matter to New York Supreme Court, County of Queens.

## **BACKGROUND**

      On March 6, 2007, GMAC filed suit against various defendants in connection with Delphonse's default on a home mortgage loan. *See* Docket entry # 1, Notice of Removal, Ex. B (Summons and Complaint). On March 12, 2007, GMAC served Delphonse with the Summons

---

[1] In the Notice of Removal, Delphonse identifies the plaintiff as "Option One Mortgage Corporation." *See* Notice of Removal. In Delphonse's Memorandum in Opposition to Plaintiff's Motion to Remand, Delphonse identifies the plaintiff as GMAC Mortgage, LLC. Plaintiff's complaint contains no reference to "Option One Mortgage Corporation" and, in accordance with the complaint, this Court identifies the plaintiff to be GMAC Mortgage, LLC. *See* Notice of Removal, Ex. B (Summons and Complaint).

and Complaint through substitute service. *See* Docket entry # 2, Notice of Motion, Ex. A (Affidavit of Service). GMAC served Fritz Andre, a co-occupant of Delphonse's residence. *Id.* The Affidavit of Service indicates that Mr. Andre is a co-occupant of the premises and a person of suitable age and discretion. *Id.* The next day, GMAC, through its process server, mailed a copy of the same documents to Delphonse at the mortgaged premises, Delphonse's residence. *Id.* On June 1, 2007, Delphonse answered the complaint in state court and raised counterclaims implicating several federal statutes.[2] *See* Docket entry # 1, Notice of Removal, Ex. A (Verified Answer and Counterclaims) at ¶ 3.

That same day, Delphonse filed a notice of removal in this Court. Delphonse asserts that the state claims raised by GMAC are preempted by the federal statutes cited in her answer; GMAC engaged in unlawful discriminatory lending practices; failed to disclose material terms; intimidated and harassed her, and "intentionally and negligently" reported inaccurate credit information to credit agencies. Notice of Removal at ¶ 4. Delphonse states that the remaining defendants are nominal and have no direct interest in the property and claims and their consent to removal is unnecessary. *Id.* at ¶ 6.

Delphonse's notice of removal does not address the issue of whether she filed the notice of removal "within thirty days after [Delphonse received], through service or otherwise, ... a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b). For example, Delphonse does not state when she received the summons and complaint. Delphonse states only that "[o]n or about March 6, 2007,

---

[2] Delphonse asserts that GMAC violated the Fair Credit Reporting Act, Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Truth in Lending Act, 15 U.S.C. § 1601 *et seq*, Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, Fair Housing Act, 45 U.S.C. § 3601 *et seq.*, and other federal laws in connection with her home mortgage loan. Notice of Removal, Ex. A (Verified Answer and Counterclaims) at ¶ 10.

[GMAC] commenced suit against Defendants." Notice of Removal at ¶ 1.

GMAC moves to remand the action and argues that Delphonse voluntarily submitted herself to the state court's jurisdiction by filing an answer in state court; all the named defendants did not consent to the removal of this action to federal court; and GMAC "did not plead separate or independent claims or causes of action against Defendants." *See* Docket entry # 2, Notice of Motion. At this stage, GMAC does not address the issue of whether the notice of removal was timely.

In opposing remand, Delphonse states that she demonstrates her intent to defend the action in federal court by filing a notice of removal the same day she filed her answer. Defendant's Memorandum of Law in Opposition to Remand at 4 at 5. The consent of the other defendants is unnecessary, Delphonse maintains, because they are only nominal parties without a real interest in the property. *Id.* at 6-7. Delphonse asserts that she "duly filed" the notice of removal on "June 4, 2001." *Id.* at Statement of Relevant Facts. However, it is unnecessary to reach the arguments set forth by the parties as Delphonse fails to establish that she filed her notice of removal in a timely manner.

## DISCUSSION

A defendant may remove a state court action to federal court if the action could have originally been filed in federal court. *Ell v. S.E.T. Landscape Design, Inc*., 34 F. Supp. 2d 188, 190 (S.D.N.Y. 1999) (internal quotations omitted). If there is no diversity jurisdiction, a federal question must be present for removal to be proper. *Id.* The removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis

3

added). "It is well established that the thirty-day filing period, while not jurisdictional, is mandatory." *Nasso v. Seagal*, 263 F. Supp. 2d 596, 605 (E. D.N.Y. 2003) (internal quotations omitted). Upon the filing of a motion to remand, the "removing party bears the burden of persuasion, and courts resolve any doubts in favor of the movant." *Id.* (internal quotations omitted).

Delphonse writes that she has complied with the procedural requirements for removal. Delphonse does not provide this Court with the actual date she received GMAC's complaint and cannot establish that the notice of removal is therefore timely. The removal statute contemplates defendant's receipt of the complaint "through service or otherwise." 28 U.S.C. § 1446(b). Delphonse clearly received the complaint but she never provides a firm date. Instead, Delphonse's submissions include statements such as "[o]n or about March 6, 2007, Plaintiff commenced suit" and "[o]n March 5, 2007, Plaintiff ... sued Defendants." But Delphonse never states when she received the initial pleadings. The process server's affidavit establishes that Delphonse was served with GMAC's summons and complaint on March 12, 2007. From that date, Delphonse had thirty days to timely remove the matter to this Court. Delphonse did not remove the matter until June 1, 2007, well past the thirty-day removal period. This Court must therefore remand the matter to state court.

In Delphonse's opposition to remand, she writes that her answer stated that she was not properly served with GMAC's complaint. *See* Docket entry # 10 (Memorandum) at Statement of Relevant Facts. After a review of Delphonse's answer, this Court finds no clear statement that Delphonse challenged the sufficiency of process. Delphonse does not develop her claim that GMAC did not properly serve her with the summon and complaint, she simply denies that she was properly served. Presumably, Delphonse alleges that she was not properly served in March

2007 and that the thirty-day removal period begins to accrue at some later date. Even if this Court were to accept her blanket assertion that she was not properly served, Delphonse never informs the Court of having received the summons and complaint at any later date from which to apply the thirty-day removal period.

As a preliminary matter, the mere denial of receipt of service is insufficient to overcome the presumption of validity of the process server's affidavit. Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [Delphonse] was properly served with the complaint." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Pursuant to N.Y. C.P.L.R. § 308(2), personal service of an individual may be effected

> by delivering the summons... to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by ... mailing the summons to the person to be served at his or her last known residence ... such delivery and mailing to be effected within twenty days of each other.

N.Y. C.P.L.R. § 308(2). Here, the process server's affidavit establishes a prima facie account that Delphonse was duly served, pursuant to N.Y. C.P.L.R. §308(2), by delivering the Summons and Complaint to Fritz Andre, a person of suitable age and discretion, on March 12, 2007. Furthermore, on March 13, 2007, the process server mailed the Summons and Complaint to Delphonse at the mortgaged premises. Delphonse did not challenge the sufficiency of process in state court, by, for example, moving to dismiss the complaint pursuant to N.Y. C.P.L.R. § 3211(a)(8) on the ground that she had not been properly served with process pursuant to N.Y. C.P.L.R. § 308(2). Nowhere in documents submitted in this Court does Delphonse swear to specific facts to rebut the statements in the process server's affidavit or develop the argument

that she received the summons and complaint after March 12, 2007. Whether Delphonse was properly served or not is not a matter for this Court to decide. To the extent Delphonse asserted insufficiency of process to somehow establish timeliness of removal, the attempt fails.

Lastly, GMAC requests that this Court award it costs in the amount of $1,000.00. Because GMAC fails to explain why it is entitled to $1,000.00 in costs with any specificity, this Court will deny the request.

## **CONCLUSION**

For the reasons stated above, the Court grants Plaintiffs' motion to remand the action to the Supreme Court of the State of New York, County of Queens.

SO ORDERED.

                                                                                                                                S/
                                          SANDRA L. TOWNES
                                          United States District Judge

Dated: Brooklyn, New York
        November 8, 2007